JOSEPH GIRARD and another *v.* THEIR CREDITORS.

A contract made by the syndic of the creditors of an insolvent with counsel, to pay a certain sum for professional services for the benefit of the estate, is not conclusive upon the creditors, who may oppose the allowance, and reduce the amount, if exorbitant. Such allowance should be in proportion to the number and importance of the suits prosecuted or defended, and to the other professional services rendered ; and will form a charge upon the creditors.

CHARLES B. LANNUSSE and Charles Gayarré are appellants from a judgment of the District Court of the First District, *Buchanan*, J.

*Janin*, for the appellants.

*D. Seghers*, *pro se*, and for the syndic, argued, that a contract made by the syndic, is obligatory upon the creditors, unless they show that he exceeded his powers. Pothier, Obligations 79. Civil Code, 2990, 2991, 2995.

BULLARD, J. The tableau of distribution filed by the syndic in this case, was opposed, so far as it relates to the salary of the book-keeper, and the sum of $2,500 allowed to D. Seghers, Esq., as counsel, under a contract with the syndic, to attend to all the professional business of the estate surrendered, for that fee. The

opposing creditors are appellants from a judgment overruling their opposition, so far as it concerns the book-keeper, and reducing the fee of the counsel to $2000. In answer to the appeal, the counsel claims a reversal of the judgment in his favor, and that his stipulated fee be reinstated.

The claim of the clerk depends on a question of fact, and there is nothing in the record to satisfy us that the court erred in allowing it.

With regard to the compensation of the counsel, we are clearly of opinion, that the contract of the syndic is not conclusive upon the creditors. His compensation ought to be graduated by the number and importance of the suits he may be called on to prosecute or defend, or his other professional services. The most regular method, we think, would be to present a detailed account, showing the suits in which the counsel may have been called on to assist the syndic, in such a manner as to show to what extent the creditors have been benefited by his professional aid. The record does not satisfy us that the counsel was entitled to what was allowed him by the court below. So far as we are informed of the suits which he defended, we are of opinion that able counsel might have been employed for much less. It is true, one member of the bar testifies that he has read the contract, and looked over the bilan, ‘and taking it for granted that the contract was made on the day it purports to have been made, and before any sale was made, he would consider the charge as *not too extravagant.*’ He states, on his cross examination, that he knows nothing of the proceedings, or of the services rendered. Another gentleman of the bar, says that he does not think the fee at all extravagant, considering the various proceedings; but that he knows nothing of them, except from the papers. Another witness proves that he brought a suit against the insolvents, before the surrender as we understand him, which was transferred to the District from the Commercial Court, and not being reached, that testimony was taken out of court, and that Mr. Seghers attended five or six evenings in taking evidence. Another gentleman of the bar testifies, that he had two suits against the insolvents, and pushed forward the trial with as much expedition as possible, but met wi·h a good deal of difficulty from Mr. Seghers, though he finally succeeded in getting judgments. This must

have been before the surrender, and not under the contract in question.

Under these circumstances, with very vague evidence as to the importance of the services rendered by the counsel after the surrender, which ought to form a charge upon the creditors, and acting as a jury would be compelled to do in assessing a compensation for them, we have concluded that he is entitled to one thousand dollars.

It is therefore adjudged, that the judgment appealed from, so far as it relates to the counsel fees, be reversed; that the tableau be amended so as to allow him the sum of one thousand dollars, and that in every other respect the judgment be affirmed; and that the tableau, thus amended, be homologated. The costs of the appeal to be borne by the mass.